Emmitt YARBROUGH, Appellant,

v.

STATE of Indiana, Appellee.

No. 184S41.

Supreme Court of Indiana.

June 7, 1984.

Robert R. Garrett, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was tried by a jury and found guilty of the crime of voluntary manslaughter, a Class B felony. The trial judge found aggravating circumstances and sentenced the appellant to a term of sixteen (16) years.

The facts are these: On December 31, 1981, at about 1:30 P.M., Thomas Kairns had stopped his automobile on Harrison Street between 3rd and 4th Avenues in Gary, Indiana. The reason for his having stopped and exited his automobile does not appear in the record.

For a reason that is not entirely clear, an altercation occurred between Kairns and the appellant. During the course of the altercation, the appellant shot Kairns in the chest, mortally wounding him. Appellant ran from the scene but was later arrested by police officers.

Upon his arrest, it was ascertained that he was fourteen (14) years of age. Police officers summoned his mother to the police station. Police Officer Joseph Griffin testified that before he questioned appellant he advised him of his constitutional rights in the presence of appellant's mother, Daisy Yarbrough.

Officer Griffin left Mrs. Yarbrough and appellant alone in the interrogation room in

order for them to consult with one another and to allow the mother to advise her son. In the presence of the mother, following the consultation in private with her son, the appellant and his mother signed the *"Miranda"* waiver form, and Mrs. Yarbrough initialed each of the five statements of rights. She also wrote on the bottom of the form the words "my son can't read very good" to which she affixed her signature. Following this advisement and the opportunity to consult with his mother, the appellant made an incriminating statement which was introduced into evidence over the objection of appellant.

Appellant's only assignment of error is that the trial court erred in admitting appellant's out of court statement to police during custodial interrogation, claiming that appellant being a fourteen (14) year old minor, did not have ample opportunity to discuss the matter with his mother, nor did he have the opportunity to effectively waive his constitutional rights.

The Indiana Code makes sufficient provision for the custodial interrogation of minor children. *See* Ind.Code § 31–6–7–3. The record in the case at bar discloses that the police officers complied with the statute.

Appellant was not interrogated nor did he sign the incriminating statement until his mother was present and he and his mother had both been fully advised as to his *"Miranda"* rights. He had ample opportunity to consult with his mother in private. The fact that appellant could not read well does not invalidate the waiver of his rights in view of the presence of his mother and the reading of the *"Miranda"* rights by the police officer to the appellant and his mother.

We find the police officers involved in this case followed the statute in every respect and afforded appellant every constitutional right to which he was entitled. The trial court did not err in allowing appellant's incriminating statement to be introduced in evidence.

The trial court is in all things affirmed.

All Justices concur.