Jordan **WEAVER**, Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S02–9412–CR–1156.

Supreme Court of Indiana.

Dec. 5, 1994.

Rehearing Denied April 12, 1995.

John F. Crawford, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Appellant-defendant Jordan Weaver was convicted of attempted murder, a class A felony; confinement, a class B felony; battery, a class C felony; two counts of battery, a class A misdemeanor; resisting law enforcement, a class A misdemeanor; and criminal mischief, a class A misdemeanor. Our Court of Appeals reversed the attempted murder count but affirmed each of the other convictions. *Weaver v. State* (1994), Ind.

App., 627 N.E.2d 1311. We grant transfer and affirm the judgment of the trial court.

Of the four issues raised by the defendant on appeal, the Court of Appeals addressed the three issues which it found dispositive. Of these three, we grant transfer to address the claim that the evidence was insufficient to disprove the voluntary intoxication defense. As to the defendant's claims of error regarding the exclusion of expert opinion and the admission of character evidence (parts II and III of the opinion of the Court of Appeals), we summarily affirm pursuant to Appellate Rule 11(B)(3). We will also address the defendant's fourth issue, regarding the admissibility of the victim's lay opinion.

This prosecution was based upon events that occurred on April 2, 1991, in Indianapolis. The defendant, affected by his consumption of a sensory input-altering chemical, lysergic acid diethylamide (LSD), became violent, attacked some acquaintances, and severely injured his girlfriend.

The defendant argues that a conviction for attempted murder must be supported by sufficient evidence of specific intent to commit murder. He contends that the only possible explanation for his violent behavior was his ingestion of LSD and a resulting "bad trip." The defendant thus argues that he properly asserted the affirmative defense of voluntary intoxication, requiring that the State offer sufficient evidence in rebuttal, a burden which it failed to meet.

The State counters that there was sufficient evidence to establish that the defendant was not so intoxicated as to be unable to form the intent to kill. The State concludes that because a reviewing court should neither reweigh evidence nor judge witness credibility, the conviction for attempted murder is properly supported by the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom.

■ When addressing a sufficiency of evidence issue, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, we conclude that a reasonable trier of fact could find each element of

the charged crime proven beyond a reasonable doubt. *Dausch v. State* (1993), Ind., 616 N.E.2d 13, 14–15; *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Application of this standard leads us to reject the analysis of the Court of Appeals majority opinion in favor of that presented by Chief Judge Sharpnack. Initially noting "that this is a very difficult case to consider and that there is an abundance of evidence to support the conclusion that Weaver was under the influence of LSD during the time that the material events occurred," the Chief Judge concluded that the Court of Appeals majority had inadvertently reweighed the evidence and discounted proper evidence and inferences that support the jury's conclusion that Weaver had the capacity to form the intent to kill and acted with that intent. 627 N.E.2d at 1316. We adopt the following analysis of the record, presented by Chief Judge Sharpnack.

> Without rehashing the evidence at length, it is clear that the evidence demonstrated that Weaver was able to walk without difficulty; was able to respond (albeit poorly) to threats, cajoling, and physical attacks; was able to get into the back seat of a car and attempt to throttle a girl in spite of being under attack at the time; was able to lift Wendy and hurl her to the ground, to kick her, and to bang her head on the ground; was able to get into Wendy's car and operate it in leaving the scene of his attack on her; was able, after the car overturned, to free himself from the car by kicking out the windshield; was able to make his way to and into the Blickman house, struggle with the Blickmans, and respond with verbal abuse to Mrs. Blickman's exhortations; and was able to continue the struggle with the police when they arrived.

> There was also evidence that Weaver's recollection of the events was more complete at the hospital than when he testified at trial. The jury heard his testimony at length about the effects of an LSD "trip" and what he remembered of the night in

question, which was in fair detail except as to the critical events. The jury also witnessed his apparent disorientation and inability to respond to questions after having testified at length and responsively. The jury was free to conclude that Weaver's apparent disability on the stand was not genuine.

*Id.*

■ Within the context of the defense of voluntary intoxication, the issue is not whether the defendant was intoxicated but whether his intoxication was so severe as to preclude his ability to form intent. *Ferguson v. State* (1992), Ind., 594 N.E.2d 790, 792. Applying the standard of review for sufficiency, we must conclude from the evidence that a reasonable jury could have found that the defendant was not so intoxicated that he was unable to form the intent to kill. We therefore affirm the jury verdict on this issue.

■ Remaining for consideration is the defendant's contention that the trial court erred in excluding testimony by the victim, the defendant's girlfriend, as to what she believed caused the incident on April 2, 1991, and whether she believed the defendant intended to kill her. The defendant argues that lay witnesses are permitted to offer an opinion on an ultimate fact in question if the witness is better qualified to form an opinion on the issue than the jury because of personal knowledge or familiarity with fact. The defendant concludes that because the girlfriend suffered a beating at the hands of someone she knew very well, she is better suited to judge the defendant's actions and state of mind than the trier of fact.

The State contends that the trial court properly excluded the testimony because her opinions constituted impermissible speculation and would have been of no assistance to the jury in making its factual determination. Prior to trial, the trial court precluded questions seeking the girlfriend's opinions as to what caused the defendant to attack her and as to his intent at the time of the attack. It ruled that she would not be permitted to render her opinion as to whether the defendant "meant to kill her," Record at 569, and that she was not permitted to render her

opinion "as to what she believes caused whatever occurred on April 2, 1991." Record at 568. The State does not dispute the defendant's claim that the issue was preserved by objection at trial.

At the time of trial in this case, the applicable rule was that a witness may not give an opinion as to the state of mind or the thought processes of another person. *Kimp v. State* (1989), Ind., 546 N.E.2d 1193, 1195. This rule restricts the witness to observable fact, leaving any appropriate conclusions as to intent, belief, or feelings to the trier of fact. *Johnson v. State* (1992), Ind., 584 N.E.2d 1092, 1104, *cert. denied,* —— U.S. ——, 113 S.Ct. 155, 121 L.Ed.2d 105. The Indiana Rules of Evidence, adopted January 1, 1994, do not require a different result. Lay opinions are permissible which "are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Ind.Evidence Rule 701. While opinion testimony "is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact," Ind.Evidence Rule 704(a), witnesses may not testify as to opinions concerning intent or legal conclusions. Ind.Evidence Rule 704(b).

The defendant's girlfriend, as the victim, was certainly uniquely positioned to observe the actions of her assailant and likewise may have possessed insightful opinions as to possible motivations for his behavior. The potential advantages of her perspective, however, do not render erroneous the trial court's exclusion of her testimony under the rules of evidence. The trial court correctly ruled that she could "describe what happened and let the jury draw its own conclusions." Record at 569.

Transfer is granted. As to the opinion of the Court of Appeals, Part I is vacated, and Part II and Part III are summarily affirmed. The judgment of the trial court is affirmed.

SHEPARD, C.J., GIVAN, and SULLIVAN, JJ., concur.

DeBRULER, J., concurs with separate opinion.

DeBRULER, Justice, concurring.

I concur with the majority opinion affirming the convictions. I write separately to address the admission of a lay witness's opinion testimony.

The Indiana Rules of Evidence allow the opinion testimony of a person who is not testifying as an expert witness. However, that person's opinion must be rationally based upon that person's perceptions, and the opinion must be helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. Indiana Evidence Rule 701. The testimony is thus limited to an opinion that follows from what that person has directly observed and perceived.

Evid.R. 701 allows the admissions of such opinion testimony to aid in the determination of a fact in issue, and Evid.R. 704(a) allows the admission of such testimony where the opinion embraces an ultimate issue to be decided by the trier of fact. However, Evid.R. 704(b) specifically excludes opinion testimony in certain instances. One such instance is opinion testimony concerning intent in a criminal case. Although the Indiana Rules of Evidence were not yet in effect at the time of appellant's trial, these rules are consistent with case law that was in effect at the time of trial, as the majority opinion notes.

While the rules prohibit opinion testimony of a person's intent, the rules do not prohibit opinion testimony of a person's capacity to form intent. Opinion testimony of a person's capacity to form intent does not directly establish or negate a person's intent. Rather, opinion looks directly to a person's ability to form the intent. Of course, such an opinion must be rationally based upon the opinion giver's perceptions and observations. The distinction between opinion of intent and opinion of capacity to form intent is especially important in the case at bar. Appellant raised the defense of voluntary intoxication, in order to attack the prosecution's proof of intent. Appellant might have called the witness, his girlfriend, to testify as to her opinion about appellant's state of intoxication. The girlfriend might have formed the opinion that appellant was so intoxicated that he was

incapable of forming any intent to commit the charged crimes. Such an opinion would have been admissible under the evidentiary rules.

Here, however, appellant sought to introduce the girlfriend's opinion as to whether she believed appellant intended to kill her. This is the type of opinion testimony that the rule specifically precludes. Therefore, I concur with the majority opinion.