John GALL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A05–0305–CR–234.

Court of Appeals of Indiana.

July 20, 2004.

Transfer Denied Sept. 28, 2004.

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

John Gall ("Gall") was convicted of dangerous possession of a firearm,[1] as a Class A misdemeanor, two counts of criminal recklessness,[2] as Class D felonies, and attempted murder,[3] a Class A felony, by a jury in the Madison Superior Court, and sentenced to thirty years executed. Gall appeals, raising the following combined and restated issues:

I. Whether Gall was improperly charged under Indiana Code section 35–47–10–5;

II. Whether sufficient evidence was presented to support Gall's convictions of dangerous possession of a firearm and attempted murder;

III. Whether the trial court improperly excluded testimony from H.S. as to Gall's intent; and,

IV. Whether the trial court abused its discretion in sentencing Gall.

Concluding that Gall was properly charged, that sufficient evidence supported his convictions, that the trial court properly excluded H.S.'s testimony, and that the trial court did not abuse its discretion when it sentenced Gall, we affirm.

### Facts and Procedural History

Gall was sixteen years old when his father left him alone at home to care for their dogs while he was out of town for several days. On the evening of March 9, 2002, As.C. and H.S. visited Gall at his home. Also visiting Gall that evening were B.O., T.D., and Am.P. During the course of the evening, As.C. and Am.P. got into a fight, after which As.C. called her sister Am.C. at work and told her that she had tried to call their father James Campbell ("Campbell"), but could not reach him. As.C. then asked her sister to contact their father and have him come to Gall's residence to pick her up. When Campbell arrived to pick up Am.C. from work, he had already been contacted by As.C. at his friend Derrick Hague's ("Hague") house.

Campbell, Am.C., and Hague then drove to Gall's residence to pick up As.C. All three went inside the home, but discovered that As.C. had already left. Am.C. confronted Am.P. and asked why Am.P. had beaten up her little sister. A physical altercation between the two ensued.

Meanwhile, Campbell confronted T.D. and questioned him about why he had been harassing As.C. Campbell then asked where As.C. was and when T.D. replied that he didn't know, Campbell struck T.D. in the arm with an axe handle he used as a walking stick. Campbell informed his daughter Am.C., who was still fighting Am.P., that they were leaving. Campbell, Am.C., H.S., and Hague left the house and got in Campbell's car.

While Campbell and Am.C. were confronting T.D. and Am.P., Gall went down the hall to his father's locked bedroom and kicked in the door. Gall retrieved a Norinco AK–47–style semi-automatic rifle from his father's gun cabinet, loaded it with a 30–round magazine, and went out onto the front porch. By this time, Campbell had driven his car to the house next door, where Am.C. got out to inquire about As.C. Campbell saw Gall on the porch with the weapon, and told Am.C. to get back in the car. As Campbell drove away, Gall began shooting at the car. H.S., who was sitting in the driver's side back seat, was struck in the thigh by a bullet.

---

1. Ind.Code § 35–47–10–5 (1998).

2. Ind.Code § 35–42–2–2 (1998 & Supp.2003).

3. Ind.Code § 35–42–1–1 (1998 & Supp.2003); Ind.Code § 35–41–5–1(a) (1998).

After shooting at Campbell's car, Gall went back inside the house, returned the Norinco to his father's gun cabinet, and went upstairs to bed. Later that night, police arrived and arrested Gall. Gall was charged with one count of dangerous possession of a firearm and four counts of attempted murder. A jury trial commenced on November 26, 2002. The jury convicted Gall of dangerous possession of a firearm, two counts of criminal recklessness as a lesser-included offense of attempted murder, and the attempted murder of James Campbell. The trial court conducted a sentencing hearing on April 4, 2003 and sentenced Gall to thirty years executed in the Department of Correction. Gall now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Gall's Charge Under Indiana Code section 35–47–10–5(1)

■ First, Gall argues that he was improperly charged in adult criminal court rather than in juvenile court. Specifically, he argues that the charge of dangerous possession of a firearm under Indiana Code section 35–47–10–5(1) violates Indiana Code sections 31–30–1–4 and 31–30–3–5. Moreover, he argues that the charge of dangerous possession of a firearm under Indiana Code section 35–47–10–5 subjects him to disparate treatment in violation of Article One, Section Twenty-three of the Indiana Constitution.

Indiana Code section 31–30–1–4 provides:

(a) The juvenile court does not have jurisdiction over an individual for an alleged violation of:

(10) IC 35–47–10 (children and firearms);

* * *

(12) any offense that may be joined under IC 35–34–1–9(a)(2) with any crime listed in subdivisions (1) through (11);

if the individual was at least sixteen (16) years of age at the time of the alleged violation.

(c) Once an individual described in subsection (a) has been charged with any crime listed in subsection (a)(1) through (a)(15), the court having adult criminal jurisdiction shall retain jurisdiction over the case even if the individual pleads guilty to or is convicted of a lesser included offense. A plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court.

Ind.Code § 31–30–1–4 (1998 & Supp.2003).

Indiana Code section 35–34–1–9(a)(2) provides that two or more offenses may be joined when the offenses "are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." Ind.Code § 35–34–1–9(a)(2) (1998).

Here, Gall was charged with one count of dangerous possession of a firearm and four counts of attempted murder as the result of his firing multiple rounds from a semi-automatic weapon in the direction of Campbell and the three passengers in his car on March 9, 2002. At the time, Gall was sixteen years old. Under Indiana Code section 31–30–1–4(a), the juvenile court lacked subject-matter jurisdiction to hear his case. *See* Ind.Code § 31–30–1–4(a)(10) & (12). *See also B.D.T. v. State,* 738 N.E.2d 1066 (Ind.Ct.App.2000) (holding a juvenile court's failure to transfer jurisdiction of case under section 31–30–1–4 to criminal docket was fundamental error).

■ Gall also argues that the charges filed against him impermissibly circumvented the juvenile waiver statute, Indiana Code section 31–30–3–5. However, that statute specifically excepts "those cases in which the juvenile court has no jurisdiction in accordance with I[ndiana] C[ode section] 31–30–1–4[.]" Ind.Code § 31–30–3–5 (1998). As set forth above, this is just such a case and we find no merit in Gall's argument that by filing his charges in criminal court the State improperly "circumvented" the juvenile waiver statute. As such, Gall's charges were properly filed in criminal court rather than juvenile court.

Finally, Gall argues that charging him under Indiana Code section 35–47–5–10 violated the privileges and immunities provision of Article One, Section Twenty-three of the Indiana Constitution. Gall acknowledges that in *Person v. State*, 661 N.E.2d 587 (Ind.Ct.App.1996), *trans. denied*, this court determined that Indiana Code section 35–47–5–10 did not violate the privileges and immunities provision of Article One, Section Twenty-three. Nonetheless, Gall argues that the statute is unconstitutional as applied to him because it results in disparate treatment. However, Gall fails to address how in fact his treatment under the statute differs from the treatment of any juvenile sixteen or more years of age who has been charged with multiple offenses, one of which is included under Indiana Code section 31–30–1–4. While Gall is correct in his assertion that had he only been charged with attempted murder he might have been able to rebut the presumption of waiver into adult court, that fact alone does not constitute disparate treatment for the purposes of Article One, Section Twenty-three. *See Person*, 661 N.E.2d at 592–93 (applying the standard set forth in *Collins v. Day*, 644 N.E.2d 72 (Ind.1994)).

Therefore, we conclude that the charges against Gall were properly filed in the criminal court and did not violate Article One, Section Twenty-three of the Indiana Constitution.

## II. Sufficiency of the Evidence

■ Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Cox v. State*, 774 N.E.2d 1025, 1029 (Ind.Ct.App.2002). We only consider the evidence most favorable to the verdict and the reasonable inferences that can be drawn therefrom. *Id.* Where there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Armour v. State*, 762 N.E.2d 208, 215 (Ind.Ct.App.2002), *trans. denied.*

### A. *Dangerous Possession of a Firearm*

■ First, Gall contends that insufficient evidence was presented to support his conviction of dangerous possession of a firearm.

Indiana Code section 35–47–10–5 provides as follows:

A child who knowingly, intentionally, or recklessly:

(1) possesses a firearm for any purpose other than a purpose described in section 1 of this chapter; or

(2) provides a firearm to another child with or without remuneration for any purpose other than a purpose described in section 1 of this chapter; commits dangerous possession of a firearm, a Class A misdemeanor. However, the offense is a Class C felony if the child has a prior conviction under this section.

Ind.Code § 35–47–10–5 (1998). "Child" is defined as a person who is less than eighteen years old. Ind.Code § 35–47–10–3 (1998).

Gall argues that the State failed to establish that he was less than eighteen years old on March 9, 2002. However, at trial, Gall testified that he was sixteen years old. Tr. p. 453. Moreover, other witnesses testified about their own ages and the age of the parties involved in the incident. Am.C. testified that she was fifteen years old at the time of the incident. Tr. p. 47. She also testified that when she arrived at Gall's house with her father, "[e]verybody in the house was a kid." Tr. p. 68. Campbell also testified that when the door to Gall's house was opened "[t]here was just kids standing there." Tr. p. 99. All of this testimony constitutes sufficient evidence to establish that Gall was a child under the statute.

Gall also argues that the evidence presented established that he had his father's permission to possess the gun, and therefore was exempt from Indiana Code section 35-47-10-5. *See* Indiana Code § 35-47-10-1(6) & (7) (1998). However, at trial, Gall's father testified that the semi-automatic weapon was kept in a locked gun cabinet in his bedroom. Tr. p. 240. He also testified that when he left on his trip, both the gun cabinet and the bedroom were locked, and that only he had a key to the bedroom. Tr. pp. 242-43. Gall's father had also told a detective that it was an unspoken rule in the home that Gall did not have permission to handle his father's guns when he was out of town. Tr. p. 385. Gall points out that his father also testified that Gall did have permission to use his guns "for protection." Tr. p. 259. In effect, Gall asks that we reweigh the evidence, which we will not do. Sufficient evidence was presented to establish that Gall did not have permission to possess his father's guns when his father was not at home. Therefore, under these facts and circumstances, we conclude that sufficient evidence was presented to sustain Gall's conviction of dangerous possession of a firearm.

**B. *Attempted Murder***

■ Next, Gall contends that his conviction for attempted murder was not supported by sufficient evidence. He argues that the State failed to prove that he had the specific intent to kill Campbell.

■ In order to convict Gall of attempted murder, the State was required to prove beyond a reasonable doubt that Gall acted with the specific intent to kill and that he engaged in conduct constituting a substantial step toward the killing of Campbell. Ind.Code § 35-42-1-1 (1998 & Supp.2003); Ind.Code § 35-41-5-1(a) (1998). "Intent to kill may be inferred from the nature of the attack and the circumstances surrounding the crime." *Elliott v. State*, 786 N.E.2d 799, 803 (Ind. Ct.App.2003) (citing *Kiefer v. State*, 761 N.E.2d 802, 805 (Ind.2002)). The intent to kill may also be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily injury. *Id.*

Here, the State presented evidence that Gall kicked in the door to his father's locked bedroom and retrieved an AK-47-style semi-automatic rifle from among the guns in his father's gun cabinet. Tr. pp. 249-50, 455. Gall then went out onto the front porch and repeatedly fired the weapon. Tr. pp. 108-09, 281-82, 464-68. Gall claims that he intended only to make Campbell leave the premises. However, the evidence presented indicates that by the time Gall went out onto the front porch and began shooting, Campbell was already in his car, had driven to a neighbor's home, and was driving away. Tr. pp. 61, 71-72, 107-08, 148, 158. Moreover, after firing several warning shots in the air, Gall continued firing and struck Campbell's car several times. Tr. pp. 113, 463-64. One of the bullets struck H.S., who was sitting

directly behind Campbell in the car. Tr. pp. 61, 105–06. Under these facts and circumstances, sufficient evidence supported Gall's conviction of attempted murder.

### III. Exclusion of H.S.'s Testimony

Next, Gall argues that the trial court improperly excluded H.S.'s testimony about Gall's motives for shooting. During cross-examination, Gall asked H.S. whether he had any motive to hurt her. The trial court sustained the State's objection to this line of questioning. Tr. p. 367. Gall later called H.S. as a defense witness and again asked her if he had any reason to hurt her. Tr. p. 411. Once again, the State objected and the trial court sustained the objection.

Gall argues that the trial court should have allowed H.S. to testify about his motives for shooting. The admission and exclusion of evidence is within the sound discretion of the trial court and we review it only for an abuse of discretion. *State v. Seabrooks,* 803 N.E.2d 1190, 1193 (Ind.Ct.App.2004) (citing *Jones v. State,* 780 N.E.2d 373, 377 (Ind.2002)). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effects of the facts and circumstances before the court. *Id.*

Here, Gall attempted to solicit H.S.'s opinion about Gall's intent in shooting. He argues the trial court should have allowed H.S. to testify about his intent in shooting because the State was required to prove specific intent to kill in order to convict him of attempted murder. However, "[w]hile opinion testimony 'is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact,' [ ] witnesses may not testify as to opinions concerning intent or legal conclusions." *Weaver v. State,* 643 N.E.2d 342,

345 (Ind.1994) (citing Ind. Evidence Rule 704(a) & (b)).

Furthermore, even if the trial court had erroneously limited H.S.'s testimony, the resulting error would be harmless. Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party. Ind.Trial Rule 61; *Fleener v. State,* 656 N.E.2d 1140, 1141 (Ind.1995). An error will be found harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties. *Id.* at 1142. Here, Gall testified himself that he did not intend to hurt H.S., that he did not even realize that she was in the car, and that her being hit by a bullet was an accident. Tr. pp. 448, 485–86. The jury apparently believed Gall and found him not guilty of attempted murder of H.S., but convicted him of the lesser-included offense of criminal recklessness. As such, the probable impact of H.S.'s testimony about Gall's intent would have been slight, and any error in excluding H.S.'s testimony would have been harmless.

For all of these reasons, we conclude that the trial court did not abuse its discretion when it excluded H.S.'s testimony regarding Gall's intent.

### IV. Sentencing

Sentencing decisions generally rest within the discretion of the trial court, and are reviewed on appeal only for an abuse of that discretion. *Corbett v. State,* 764 N.E.2d 622, 630 (Ind.2002) (citing *Monegan v. State,* 756 N.E.2d 499, 501 (Ind.2001)). Because reasonable minds may differ due to the subjectivity of the sentencing process, it is generally inappropriate for us to merely substitute our opinions for those of the trial judge. *Id.* (citing *Hurt v. State,* 657 N.E.2d 112, 114 (Ind.1995)).

## A. Mitigating Circumstances

 Gall contends that the trial court improperly found no mitigating circumstances in its order sentencing him to the presumptive term of thirty years. He contends that his age and the circumstances surrounding the shooting should have been considered significant mitigating circumstances. However, we note that the trial court is not required to find mitigating factors or to accept as mitigating the circumstances proffered by the defendant. *Powell v. State,* 751 N.E.2d 311, 317 (Ind. Ct.App.2001). Moreover, a sentencing court need not agree with the defendant as to the weight or value to be given to proffered mitigating facts. *Bacher v. State,* 722 N.E.2d 799, 803 (Ind.2000). Here, at the conclusion of Gall's sentencing hearing, the trial court discussed Gall's age and Campbell's "provocation" of the incident. Tr. pp. 668–70. However, the trial court concluded that these were not significant mitigators. *See* Appellant's App. p. 192. The trial court also found as aggravating circumstances Gall's prior criminal history, his use of marijuana, and his need of correctional rehabilitative treatment best provided by his commitment to a penal facility. *Id.* Tr. p. 671.

## B. Inappropriate Sentence

 Gall argues that his thirty-year sentence for attempted murder is manifestly unreasonable.[4] We will not revise a sentence authorized by statute unless the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). *See also Rodriguez v. State,* 785 N.E.2d 1169, 1174 (Ind.Ct.App.2003), *trans. denied.* In considering the appropriateness

of the sentence for the crime committed, trial courts should initially focus upon the presumptive sentence. *Hildebrandt v. State,* 770 N.E.2d 355, 361 (Ind.Ct.App. 2002), *trans. denied.* In this case, Gall was convicted of attempted murder and sentenced to the presumptive sentence for the offense, a Class A felony. *See* Ind. Code § 35–50–2–4 (1998).

As discussed above, the trial court determined that there were no mitigating circumstances and that several aggravating circumstances supported an enhanced sentence. Under these facts and circumstances, we cannot conclude that Gall's sentence of the presumptive term of thirty years was inappropriate.

### Conclusion

Gall was properly charged under Indiana Code section 35–47–10–5. Sufficient evidence was presented to support his convictions for dangerous possession of a firearm and attempted murder. The trial court did not abuse its discretion in excluding H.S.'s testimony about Gall's intent, nor did the trial court abuse its discretion when it sentenced Gall to the presumptive term of thirty years.

Affirmed.

BARNES, J., and CRONE, J., concur.

---

4. Gall argues that his sentence is manifestly unreasonable. However, our supreme court amended Indiana Appellate Rule 7(B), effective January 1, 2003. Under the amended rule, in considering whether to revise a sentence, we must determine if the sentence is "inappropriate" rather than whether the sentence is "manifestly unreasonable."