v.

STATE of Indiana, Appellee–Petitioner.

No. 49A04–0410–JV–528.

Court of Appeals of Indiana.

April 28, 2005.

Transfer Granted Aug. 11, 2005.

Ruth Johnson, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

J.D. admitted to committing acts that would constitute Class B felony burglary if committed by an adult and was sentenced to a one-year determinate sentence in Marion Superior Court. J.D. appeals, raising the following restated issue for review: Whether J.D. is entitled to time-served credit for his pre-sentence confinement. Concluding J.D. is not entitled to time-served credit for his pre-sentence confinement, we affirm.[1]

### Facts and Procedural History

On June 28, 2004, J.D. was arrested and alleged to be a delinquent child for committing acts that, if committed by an adult, would constitute Class B felony burglary, Class D felony theft, and Class A misdemeanor resisting law enforcement. On

---

**1.** We held oral argument in this matter at Hanover College. We thank Hanover College and its staff for their professionalism and hospitality in hosting oral argument and commend both advocates for their able presentations.

August 3, 2004, J.D. admitted to committing burglary. Pursuant to J.D.'s plea, the State dismissed the remainder of J.D.'s allegations and recommended that J.D. serve a one-year determinate sentence.

The trial court concluded J.D. was eligible for determinate sentencing under Indiana Code section 31–37–19–10 [2] and ordered J.D. to serve a one-year determinate sentence. J.D. then requested time-served credit for the thirty-five days he was detained prior to sentencing. The trial court denied J.D.'s request, and J.D. now appeals.

### Discussion and Decision

■ J.D. asserts the trial court abused its discretion when it failed to award him pre-sentence confinement time-served credit. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *State v. Willits*, 773 N.E.2d 808, 811 (Ind.2002).

■ J.D. claims the trial court abused its discretion because Indiana Code section 31–32–1–1 [3] indicates that, "the procedures governing criminal trials apply in all matters not covered by the juvenile law" and the criminal code provides for time-served credit. Br. of Appellant at 6.

■ However, the assertion of a right to time-served credit is an assertion of a substantive rather than a procedural right. Substantive rules "fix duties, establish rights and responsibilities among and for persons;" procedural rules "merely prescribe the manner in which [substantive] rights and responsibilities may be exercised and enforced in a court." *State ex rel. Blood v. Gibson Circuit Court*, 239 Ind. 394, 400, 157 N.E.2d 475, 478 (1959).

Accordingly, Indiana Code section 31–32–1–1's incorporation of "criminal proce-

dures" into the juvenile code does not, in and of itself, vest a juvenile with substantive rights given to criminal defendants. Rather, Indiana Code section 31–32–1–1 "merely" uses the criminal code as a template for prescribing the manner in which existing substantive rights "may be exercised and enforced in a court." *See In re K.G.*, 808 N.E.2d 631, 637 (Ind.2004) (using Indiana Code section 31–32–1–1 to demarcate the procedures to apply to an existing substantive right); *see also Yarbrough v. State*, 463 N.E.2d 1098, 1099 (Ind.1984); *In re D.D.*, 668 N.E.2d 1250, 1252 (Ind.Ct. App.1996); *C.D.T. v. State*, 653 N.E.2d 1041, 1044 (Ind.Ct.App.1995).

J.D. also asserts *C.T.S. v. State*, 781 N.E.2d 1193, 1204 (Ind.Ct.App.2003), *trans. denied*, entitles him to time-served credit. Br. of Appellant at 5. In *C.T.S.*, this court remanded C.T.S.'s indeterminate sentence to the trial court and ordered the trial court to give C.T.S. time-served credit. 781 N.E.2d at 1204. However, *C.T.S.* involved an extraordinary period of months awaiting disposition, more akin to the constitutional right of speedy trial. Accordingly, J.D. may not rely upon *C.T.S.'s* unusual remand order.

Because the trial court had no statutory authority to award J.D. time-served credit, it did not abuse its discretion when it denied J.D.'s request for time-served credit.

### Conclusion

The trial court was within its discretion when it denied J.D. time-served credit.

Affirmed.

BAILEY, J., and BAKER, J., concur.

---

2. *See* Ind.Code § 31–37–19–10 (1998).

3. Ind.Code § 31–32–1–1 (1998).