ATTORNEY FOR APPELLANT
Danielle L. Gregory
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 49S02-0510-JV-00456

A.E.,

*Appellant (Respondent below)*,

v.

STATE OF INDIANA,

*Appellee (Petitioner below)*.

_____

Appeal from the Marion County Superior Court, Juvenile Division, Room 1,
No. 49D09-0406-JD-003091
The Honorable James W. Payne, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0411-JV-000967

_____

**September 12, 2006**

**Sullivan, Justice.**

In this delinquency case, A.E. was sentenced to a fixed term of 18 months. Reversing the trial court, the Court of Appeals held that he was entitled to credit against that 18-month term for the 99 days he was confined between the dates of his arrest and his dispositional hearing. In accordance with another case we decide today, J.D. v. State, we hold that the trial court was not

required to credit the time served in pre-disposition confinement against his determinate sentence.

## Background

On June 28, 2004, 15-year-old A.E. was arrested and alleged to be delinquent for having committed an act that would be armed robbery, a Class B felony, if committed by an adult. A.E. later signed an agreement admitting to the robbery allegation on July 20, 2004, in exchange for the State's dismissal of a charge of resisting law enforcement. The trial court accepted A.E.'s plea agreement on October 4, 2004, and sentenced him to an 18-month determinate commitment to the Department of Correction. A.E. was also ordered to complete anger-control classes, substance abuse counseling, individual counseling, and a vocational and/or G.E.D. program. The trial court did not grant A.E. any credit for the 99 days he had already spent detained between his arrest and sentencing. A.E. appealed.

The Court of Appeals affirmed both the trial court's determination of A.E. as a delinquent and his 18-month commitment. A.E. v. State, 829 N.E.2d 549 (Ind. Ct. App. 2005). We summarily affirm the decision of the Court of Appeals on both of these issues. Ind. Appellate Rule 58(A)(2). However, a divided court also found that A.E. was entitled to a credit of 99 days against his determinant 18-month sentence for the time he spent detained awaiting disposition of his case. Id. at 554. The State sought, and we granted, transfer. A.E. v. State, 2005 Ind. LEXIS 904 (Ind. 2005).

## Discussion

The issue on which the Court of Appeals reversed is the same as that we address today in J.D. v. State, No. 49S04-0508-JV-356, __ N.E.2d __, (Ind. Sept. 12, 2006). In that case, 15-year-old J.D. was arrested and alleged to be a delinquent child for committing acts that, if committed by an adult, would constitute burglary, theft, and resisting law enforcement. He was confined in the county juvenile detention center. Thirty-five days later, all of which J.D. spent in confinement, he admitted to the act that would constitute burglary. The trial court ordered J.D.

2

to serve a one-year determinate sentence.  J.D. then requested time-served credit for the 35 days he was detained prior to sentencing.  The trial court denied J.D.'s request, and the Court of Appeals affirmed.  J.D. v. State, 826 N.E.2d 146 (Ind. Ct. App. 2005), vacated, 841 N.E.2d 181 (Ind. 2005).

As such, the holding of the Court of Appeals in this case stands in direct conflict with its decision in J.D. not to require a juvenile court to give credit to juvenile offenders for time served while awaiting disposition of their cases.  We resolve this conflict today in J.D. by holding that a juvenile court is not required to give credit for the time a juvenile serves in pre-disposition confinement.

One of the reasons that the Court of Appeals gave in this case in support of its decision was of constitutional dimension.  Referring to article I, section 23, of the Indiana Constitution, the Court of Appeals said, "Denying credit time to a juvenile who remains in juvenile court but receives a determinate sentence to be served at the Department of Correction would appear to create an unequal burden on children, thereby implicitly granting a special privilege or immunity to adults.  This arguably raises disparate treatment issues."  A.E., 829 N.E.2d at 554.

A.E. did not challenge his sentence on grounds that it violated article I, section 23,[1] and in the absence of any claim by the parties, we decline to give the issue extended treatment.  We note, however, that the Court of Appeals, in a different context, has rejected the claim that differences between the juvenile and adult criminal laws and procedures create unconstitutional disparate treatment under article I, section 23.  Gall v. State, 811 N.E.2d 969 (Ind. Ct. App. 2004), trans. denied, 822 N.E.2d 977 (Ind. 2004); Person v. State, 661 N.E.2d 587 (Ind. Ct. App. 1996), trans. denied (Ind. 1996).

---

[1] The State did not respond to the constitutional concern of the Court of Appeals in its petition to transfer and A.E. did not file a brief in reply to the State's petition to transfer.

**Conclusion**

We affirm the judgment of the trial court with respect to its denial of a credit to A.E. for the 99 days of pre-disposition time spent in commitment. We summarily affirm the Court of Appeals on the remaining issues.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.