**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 03 2013, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN W. TAYLOR, IV, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1208-CR-365 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1110-FA-20

**April 3, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, John W. Taylor, IV (Taylor), appeals his conviction for three Counts of attempted murder, Class A felonies, Ind. Code §§ 35-42-1-1(1) & -41-5-1.

We affirm.

## ISSUE

Taylor raises one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Taylor's conviction.

## FACTS AND PROCEDURAL HISTORY

On October 26, 2011, Chamar Jackson (Jackson) and Avery Copeland (Copeland) walked to a fast food restaurant in Elkhart County, Indiana to visit their friend, Chynna Sipili (Sipili), who was employed there. When they arrived at the restaurant, Taylor was standing near the soda dispensers. Taylor and Sipili had just split up the previous day after Sipili had sent him a text message informing him that she needed space. When Jackson approached the counter to speak with Sipili, he was stared down by Taylor who told him to stop talking to his girlfriend. Jackson continued to talk to Sipili, and Taylor stormed angrily out of the restaurant. Thereafter, Jackson and Copeland returned to Copeland's house. Michael Raeder (Raeder) noticed them standing outside the residence and pulled up in his vehicle. Jackson and Copeland got in Raeder's car, intending to smoke marijuana together.

2

Approximately ten to thirty minutes after Jackson and Copeland had left the fast food restaurant, Taylor returned and angrily confronted Sipili. He told her, "I swear to God after work I'll kill you and them niggas." (Transcript p. 340). Taylor again stormed out of the restaurant.

Meanwhile, Jackson, Copeland, and Raeder were sitting in Raeder's vehicle. Raeder was in the driver's seat, Jackson in the front passenger seat, and Copeland was in the rear seat on the driver's side. While they were talking, Taylor drove up in his car. He pulled up next to Raeder's car and jumped out, carrying a large black rifle. He rapidly approached Raeder's vehicle. He walked to the driver's side of the car and stopped approximately ten feet away. Without saying anything, Taylor first started firing into the passenger compartment where Copeland was sitting. He then fired into the driver's seat. The vehicle became "riddled with bullets" and both of the driver's side windows were shot out. (Tr. p. 490). Jackson jumped out of the car and rolled underneath, Copeland laid flat on the backseat, and Raeder curled up into a ball with his hands up, then opened the door of the car and tried to crawl to the trunk. As Taylor walked around the car firing the rifle, he lowered his aim from the window level down into the body of the car. Following the shooting, police officers and ambulances arrived at Copeland's house. Jackson was not injured, Copeland was shot in the back, and Raeder received a shrapnel wound to the head and a bullet penetrated his right arm above the elbow.

After the shooting, Taylor went to his sister's apartment where he spoke with Sarah Lemon (Lemon). He told Lemon that he thought he had killed Jackson. Police officers also found a note, written by Taylor, which read, "I'm Killin' niggas put em' in

3

the dirt . . . The choppa is under the cough . . . Domo." (State's Exh. 21). The police searched Taylor's sister's home and found a black rifle under her couch in the living room. Ten shell casings and bullet fragments recovered from the scene were later determined to have been fired from the rifle recovered by the police.

On October 31, 2011, the State filed an Information charging Taylor with three Counts of attempted murder, class A felonies, I.C. §§ 35-42-1-1(1) & -41-5-1. On July 9, 2012, a jury trial was conducted. At the close of the evidence, the jury found Taylor guilty as charged. On August 9, 2012, the trial court sentenced Taylor to thirty-five years on Count I, Forty years on Count II, to be served consecutive to Count I, and forty years on Count III, to be served concurrently to Count II.

Taylor now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Taylor contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for three Counts of attempted murder, Class A felonies. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans. denied*. We will consider only the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *See id.* at 213. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.*

4

To convict Taylor of attempted murder, the State was required to establish beyond a reasonable doubt that Taylor acted with the specific intent to kill each of the three victims and that he engaged in conduct constituting a substantial step toward the killing. I.C. §§ 35-42-1-1; -41-5-1. Intent to kill may be inferred from the nature of the attack and the circumstances surrounding the crime. *Gall v. State*, 811 N.E.2d 969, 975 (Ind. Ct. App. 2004), *trans. denied*. The intent to kill may also be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily injury. *Id*. Likewise, an assailant's words may be indicative of an intent to kill the victim. *Tancil v. State*, 956 N.E.2d 1204, 1210 (Ind. Ct. App. 2011).

Focusing on the nature of the attack, Taylor asserts that "[a]t such close range, had [he] really intended to kill, he would have inflicted more serious injury or death" to the three victims. (Appellant's Br. p. 5). Because the injuries were not severe, Taylor asserts that he did not have the requisite intent to kill; rather, he committed a reckless act by firing a rifle at close range to people.

We find that the fact that the victims' injuries were not more severe merely proves that Taylor is a bad marksman; his actions and words clearly belie his intent to kill the three occupants of the vehicle. When he approached Raeder's car, he walked up to the driver's side and started firing indiscriminately. He methodically walked around the car, moving his aim from window level down to the body of the car. When he stopped firing, the vehicle was riddled with bullets and both of the driver's side windows were shot out. The rifle was so powerful that a bullet penetrated the outside wall of Copeland's residence, 172 feet away, and was located in an inner hallway of the house. Prior to the

5

shooting, Taylor had told Sipili that he would kill her "and them niggas." (Transcript p. 340). Later, after the shooting, Taylor told Lemon that he thought he had killed Jackson. And in a note, Taylor stated, "I'm Killin' niggas[.]" (State's Exh. 21).

Based on the facts surrounding the shooting, including Taylor's own statements and conduct, the jury could reasonably infer that Taylor acted with the intent to kill Jackson, Copeland, and Raeder.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence to sustain Taylor's conviction for three Counts of attempted murder.

Affirmed.

BAKER, J. and BARNES, J. concur