Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JOHN C. BOHDAN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATIE L. MILLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1306-CR-229 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1211-FC-357

**February 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Katie L. Miller (Miller), appeals her conviction for Count I, battery, a Class C felony, Ind. Code § 35-42-2-1(a)(3); Count II, criminal recklessness, a Class A misdemeanor, I.C. § 35-42-2-2(b)-(c)(1); and Count III, failure to stop after accident resulting in injury or death, a Class D felony, I.C. § 9-26-1-8(a)(1).

We affirm.

## ISSUE

Miller raises one issue on appeal, which we restate as the following: Whether the trial court abused its discretion in denying Miller's request to admit into evidence a copy of the civil complaint filed against her.

## FACTS AND PROCEDURAL HISTORY

In January of 2010, Miller began dating Arthur J. Zick (Zick). For the next two-and-a-half years, they had an on-again, off-again relationship. A few months into their relationship, Zick claimed that Miller began physically and verbally abusing him, but he stated that he stayed with her because "I really cared for her and I wanted to be with her. I felt like I could overlook the bad to be with the good." (Transcript p. 49). Although they broke up in June of 2012, Miller and Zick continued to see each other.

On September 21, 2012, Zick had spent the evening at a party with his friends in Fort Wayne, Indiana. Shortly before midnight, Miller picked Zick up from the party. They planned on going to Zick's house, but first Miller drove Zick to a nearby apartment complex so that Zick could pick up his dog who was being watched by a friend. Along the

2

way, an argument ensued. Upon arriving at the apartment complex, Miller parked her PT Cruiser, and she and Zick both exited, continuing their fighting in the parking lot.

Zick realized he left his cellphone in the console of Miller's vehicle and walked back to retrieve it. However, Miller had re-entered her vehicle and locked Zick out. Miller attempted to drive away, but Zick stood in front of the vehicle and yelled at Miller to return his phone. Miller responded, "It's my phone now." (Tr. p. 61). Miller began to drive forward and repeatedly struck Zick's legs with the front of her PT Cruiser. With each hit, Zick took another step back, but as they neared the street, he stopped backing up. Zick stated that Miller then hit her accelerator. Zick felt his leg go under the front bumper, and he attempted to jump up on the hood of the vehicle, grabbing onto a windshield wiper for support. Miller slammed on her brakes, and Zick was thrown from the hood of the car, snapping the windshield wiper as he fell. Zick landed on his feet but was unable to regain his balance before Miller accelerated and hit him again. This time, Zick heard a popping noise in his leg, and he fell down. Before Zick could slide out of the way, the vehicle's tire rolled over his left leg, and Miller drove off.

A bystander called for an ambulance and allowed Zick to use her phone to call Miller. Miller refused to return to the scene and accused Zick of lying about his injury. Zick remained hospitalized for several days and was treated for an open tibia fracture. Zick never recovered his phone.

A few hours after Zick made a statement, the police located Miller's PT Cruiser. It was parked a block away from her home and was missing one windshield wiper. The police towed the vehicle as part of its hit-and-run investigation. Miller called the police

station to inquire about why her vehicle had been towed. She informed a police officer that, during their argument, Zick threw a drink at her, yanked the windshield wiper off, and threatened to break her windshield. She stated it was her belief that Zick was faking the injury to make her return.

On November 16, 2012, the State filed an Information charging Miller with Count I, battery, a Class C felony, I.C. § 35-42-2-1(a)(3), and Count II, criminal recklessness, a Class A misdemeanor, I.C. § 35-42-2-2(b)-(c)(1). On February 27, 2013, the State added Count III, failure to stop after accident resulting in injury or death, a Class D felony, I.C. § 9-26-1-8(a)(1). On April 12, 2013, the trial court conducted a Notice of 404 hearing and ruled that evidence of Miller and Zick's tumultuous relationship would be admissible to establish Miller's intent and motive.

On April 16, 2013, the trial court conducted a jury trial. Zick testified that, due to his medical bills, he had retained an attorney who filed a civil lawsuit on his behalf against Miller. When Miller sought to admit a copy of Zick's civil complaint into evidence, the State objected for lack of foundation and lack of relevance. Miller's counsel argued that, in his civil complaint, Zick had alleged that Miller was negligent, which contradicts the intentional, knowing, or reckless mental element required to criminally convict Miller as charged. The trial court refused to admit the complaint. In addition to disagreeing with Miller's counsel that Zick's allegation constituted "an admission against interest[,]" the trial court stated that the issues regarding medical bills and negligence were to be determined by a different jury in the civil suit. (Tr. pp. 97-98).

4

At the close of the evidence, the jury returned a verdict of guilty as to all Counts. On May 24, 2013, the trial court held a sentencing hearing. The trial court sentenced Miller to a term of two years for Count I, one year for Count II, and one-and-a-half years for Count III, to be served concurrently.

Miller now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Miller claims that her conviction for battery and criminal recklessness should be overturned based on the trial court's refusal to admit a copy of Zick's civil complaint into evidence. A trial court is entitled to great deference regarding its decisions to admit or exclude evidence. *Herrera v. State*, 710 N.E.2d 931, 935 (Ind. Ct. App. 1999). We thus review a trial court's admissibility rulings for an abuse of discretion. *Id.* We will uphold the trial court's decision "absent a showing of a manifest abuse of the trial court's discretion resulting in the denial of a fair trial." *Id.* It is an abuse of discretion if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Martin v. State*, 779 N.E.2d 1235, 1238 (Ind. Ct. App. 2002), *trans. denied*. In our review, we will consider the evidence most favorable to the trial court's ruling and any uncontested evidence in favor of the defendant. *Id.*

Miller contends that the evidence is relevant and should have been admitted because her "level of culpability . . . was a factual dispute of consequence in the determination of the action[,]" and if "the jury [had] known that [Zick] had previously alleged that [Miller] was negligent in the operation [of] her vehicle, it could have had a considerable impact on that body's determination of [Zick's] credibility." (Appellant's Br. p. 9). Evidence is

5

relevant if it tends "to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Ind. Evidence Rule 401. According to Miller, "[i]t is extremely relevant if someone alleges that an act was negligent one day, and criminal the next." (Appellant's Br. p. 11). Although we agree with Miller's position in general, we do not find her argument applicable in this case.

We initially note that Zick is not a party to this case; he was merely a witness for the State in *its* case against Miller. The State, through its charging Information, alleged that Miller acted intentionally/knowingly/recklessly. Whether Zick alleged that Miller acted negligently in another matter, which is still pending, has no bearing on the State's obligation to prove that Miller acted knowingly or intentionally. In his testimony, Zick recited his version of the facts but offered no opinion regarding Miller's intent. In fact, Indiana Rule of Evidence 701 limits a witness' testimony to opinions that are "rationally based on the witness's perception[,]" and Indiana Rule of Evidence 704(b) prohibits a witness from asserting an opinion concerning the accused's intent in a criminal case. *See Gall v. State*, 811 N.E.2d 969, 976 (Ind. Ct. App. 2004), *trans. denied*. Thus, the civil complaint is irrelevant because the jury's decision was in no way based on Zick's assessment that Miller acted either intentionally or negligently. *See Weaver v. State*, 643 N.E.2d 342, 345 (Ind. 1994). The jury considered the evidence and concluded beyond a reasonable doubt that Miller had the requisite mental state to be held criminally liable.

Even if we were to find that the trial court erred in excluding the civil complaint, it is deemed to be a harmless error unless a substantial right of the party is affected. *Gall*, 811 N.E.2d at 976. We will find an error is harmless where the "probable impact on the

jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." *Id.* In this case, the jury apparently did not believe Miller's testimony that she did not intend to injure Zick; that she did not realize she had run over his leg; and that he had hurt himself by jumping onto her vehicle. Furthermore, in light of the other evidence presented to the jury, we find that Zick's allegation of negligence in the civil complaint would have little, if any, impact on the jury's verdict. As any error would be harmless, the trial court's evidentiary ruling must stand.

Miller also claims that the exclusion of the civil complaint "effectively denied [her] right to effective cross-examination." (Appellant's Br. p. 10). Specifically, she argues that the civil complaint should have been admitted to impeach Zick's credibility because his prior "inconsistent allegation that [Miller] had operated her vehicle *negligently* . . . was relevant." (Appellant's Br. p. 10). Under Indiana Rule of Evidence 613(b), "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it." Here, Zick did not make inconsistent statements. As we previously noted, Zick may have alleged negligence in his civil complaint, but it was the State that alleged a higher degree of culpability in the case at hand. Thus, the civil complaint would not serve to contradict Zick's testimony and is not relevant.[1]

### CONCLUSION

---

[1] Because we uphold the trial court's exclusion of the civil complaint on relevancy grounds, we do not address the parties' arguments regarding whether the document had been properly authenticated.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in refusing to admit the civil complaint into evidence because it is not relevant.

Affirmed.

VAIDIK, C.J. and MAY, J. concur