John W. PERSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9503–CR–99.

Court of Appeals of Indiana.

Feb. 20, 1996.

Transfer Denied April 17, 1996.

588

William F. Thoms, Jr., Indianapolis, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant John W. Person (Person) appeals following his conviction for dangerous possession of a handgun, a Class A misdemeanor [1].

We affirm.

### ISSUES

Two issues are raised for our review:

1. Whether the State presented sufficient evidence to support Person's conviction of dangerous possession of a handgun.

2. Whether IND.CODE 35–47–10–5 and I.C. 35–47–10–8 (1995 Supp.) are unconstitutional pursuant to Sections 16, 18 and 23 of the Indiana Constitution.

### FACTS AND PROCEDURAL HISTORY

On September 16, 1994, while on routine patrol of the Laurelwood Apartment Complex, I.P.D. Officer Roger Gammon observed a brown Cadillac run a stop sign at the intersection of South Teakwood Drive and South Carson Avenue, and then drive left of center on South Carson. Officer Gammon stopped the vehicle shortly thereafter in the 2400 block of South Shelby Street. As he approached the vehicle, he observed Person, who was the left rear passenger, put his right hand behind his back for no apparent reason. For the officer's own personal protection, he then ordered Person to exit the vehicle. After Person exited the vehicle, Officer Gammon observed the white handle of a stainless steel semi-automatic handgun in the left rear seat of the vehicle. Person, the driver, and the front passenger who was also the owner of the vehicle, were arrested at the scene.

On September 20, 1994, Person was charged with dangerous possession of a handgun as a Class A misdemeanor. Person moved to dismiss the charge arguing in pertinent part that the statute under which he was charged was unconstitutional. The court denied the motion and the case proceeded to trial. Following a bench trial on November 29, 1994, Person was found guilty as charged. He was sentenced to 60 days with 55 days suspended, one year probation, project life and 100 hours community service work. His executed sentence therefore was five days.

Person appeals.

### DISCUSSION AND DECISION

#### I. Sufficiency of the Evidence

Person first contends that the evidence was insufficient to support his conviction. The appellate standard by which we review sufficiency of the evidence claims is well-settled. We will neither reweigh the evidence nor resolve questions of witness credibility, but will look only to the evidence most favorable to the judgment, along with all reasonable inferences to be drawn therefrom. *Green v. State*, 650 N.E.2d 307, 309 (Ind.Ct.App.1995).

I.C. 35–47–10–5 provides as follows:

A child who knowingly, intentionally, or recklessly:

1. IND.CODE 35–47–10–5 (1995 Supp.).

(1) possesses a handgun for any purpose other than a purpose described in section 1 of this chapter [2]; or

(2) provides a handgun to another child with or without remuneration;

commits dangerous possession of a handgun, a Class A misdemeanor. However, the offense is a Class C felony if the child has a prior conviction under this section. "Child" is defined as a person who is less than eighteen (18) years of age. I.C. 35–47–10–3 (1995 Supp.).

■■■ Specifically, Person contends that the State failed to prove beyond a reasonable doubt that he constructively possessed the gun. Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband. *Godar v. State,* 643 N.E.2d 12, 14 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* Essentially, in cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. *Moore v. State,* 613 N.E.2d 849, 853 (Ind.Ct.App.1993). However, when possession of the premises is non-exclusive, as here, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. *Moore,* 613 N.E.2d at 853. Among the often recognized "additional circumstances" are (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant. *Id.*

■■■ The evidence most favorable to the verdict reveals that Person, then 17 years old, was in the rear left passenger seat of Antonio Kinnebrew's vehicle when the vehicle was stopped by Officer Gammon. There were three individuals in the vehicle: Person, Kinnebrew, who was the front seat passenger

and registered owner of the vehicle, and Kenneth Grundy, who was driving the vehicle. As Officer Gammon approached the vehicle, he observed Person put his right hand behind his back. Officer Gammon ordered Person to exit the vehicle. Officer Gammon then observed the handle of a .25 caliber semi-automatic handgun sticking out of the rear seat. The gun was loaded with three live rounds. Person testified at trial that he had no knowledge that there was a gun in the car until the car was stopped by police, and Kinnebrew tossed the gun into the back seat. We will not reweigh the evidence and we will not second-guess the trial court's determination regarding witness credibility. *Green,* 650 N.E.2d at 309. The evidence sufficiently supports the trial court's judgment that Person had the capability and intent to exercise dominion and control over the handgun, and thus "possessed" it within the meaning of I.C. 35–47–10–5. Person was in the vehicle in which the gun was found, was in close proximity to the handgun, and engaged in furtive gestures. Person's furtive gesture of putting his hand behind his back suggests that he attempted to hide the gun in the back seat cushion. The State presented sufficient evidence to support Person's conviction beyond a reasonable doubt.

## II. Constitutionality of I.C. 35–47–10–5 and I.C. 35–47–10–8

Person challenges the constitutionality of I.C. 35–47–10–5 and I.C. 35–47–10–8 on several grounds. Specifically, he argues that the statutes violate Article I, Sections 16 and 18 of the Indiana Constitution. Person further contends that the statutes violate the Privileges and Immunities Clause of Article I, Section 23 of the Indiana Constitution.

### A. The Legislative Scheme

During the 1994 legislative session, the Indiana legislature passed Public Law 140, section 12, consequently adding a chapter entitled Children and Handguns to I.C. 35–47. The new chapter proscribes certain conduct concerning children and handguns. I.C.

**2.** I.C. 35–47–10–1 (1995 Supp.) exempts possession at firearm courses, practice at established ranges, hunting or trapping with a valid license, travel for any of these purposes with an "unload-

ed" handgun, and on real property under control of a parent or guardian or in child's residence with permission to possess from parent or guardian.

35–47–10–5 became effective March 15, 1994, making it a Class A misdemeanor for a person under the age of 18 to possess a handgun, except under the limited circumstances noted in footnote 2 *supra.* I.C. 35–47–10–8 provides that "[i]n addition to any criminal penalty imposed for an offense under this chapter, the court shall order incarceration for five (5) consecutive days in an appropriate facility" and shall order the 5 days to be served within 2 weeks of sentencing. I.C. 35–47–10–8 further provides that "[n]otwithstanding IC 35–50–6, a person does not earn credit time while serving an additional five (5) day term of imprisonment imposed by a court under this section."

I.C. 31–6–2–1.1 (1995 Supp.) became effective July 1, 1994, and was made applicable to crimes committed after that date, and provides in pertinent part that criminal courts, rather than juvenile courts as in the past, have jurisdiction over a child for alleged violations of the newly enacted children with handguns chapter, I.C. 35–47–10, if the child was 16 or over at the time of the violation.

Also of significance to this case is I.C. 35–47–2–1 (1993) which is the statutory section generally proscribing carrying handguns without a license.[3] I.C. 35–47–2–23 (1995 Supp.) provides that a person who violates I.C. 35–47–2–1 commits a Class A misdemeanor. However, the offense is a Class C felony if certain circumstances exist.[4]

### B. Constitutional Analysis

Person argues that I.C. 35–47–2–1, which can be committed by either a child or an adult, and I.C. 35–47–10–5, which can only be committed by a child, proscribe the same conduct, yet I.C. 35–47–10–8 imposes a more severe penalty for a child. Thus, Person asserts that the additional five day penalty imposed by I.C. 35–47–10–8 is a disproportionate penalty, amounts to vindictive justice and a denial of equal protection of the laws and therefore is violative of Article I, Sections 16, 18, and 23 of the Indiana Constitution. He contends that the fact that he is a "child" subjects him to a more severe penalty than if he were an adult who committed the same essential crime. Person further points to the jurisdictional change in the juvenile code which now mandates that children over age 16 who are charged with violations of I.C. 35–47–2–1 (carrying a handgun without a license) or I.C. 35–47–10–5 (child in possession of a handgun) are to be treated as adults with the adult criminal courts having jurisdiction.

First, we note that a child convicted of dangerous possession of a handgun will not necessarily be sentenced more harshly than an adult convicted of carrying a handgun without a license. An adult convicted of carrying a handgun without a license as a Class A misdemeanor is subject to a possible penalty of a fixed term of up to one year incarceration in addition to a fine of up to five thousand dollars. I.C. 35–50–3–2 (1993). Because children who are convicted of dangerous possession of a handgun are tried and sentenced as adults, they also are subject to that same penalty; however, a child must serve at least a five day executed jail term. Therefore, the child's sentence will not necessarily be more harsh than that of an adult.

I.C. 35–47–2–1 proscribes carrying a handgun without a license. Persons under age 18 who are charged with committing this offense, are subject to adult criminal court jurisdiction. I.C. 31–6–2–1.1(D)(9) (1995 Supp.) (effective July 1, 1994). I.C. 35–47–10–5 applies only to persons under age 18 and proscribes possession of a handgun except in limited circumstances. Children charged with committing this offense are also subject to adult criminal court jurisdiction. I.C. 31–6–2–1.1(D)(10). Children convicted of dangerous possession of a handgun are

---

**3.** I.C. 35–47–2–1 provides that "[e]xcept as provided in section 2 of this chapter, a person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter being in his possession."

**4.** Violation of I.C. 35–47–2–1 is a Class C felony if the offense is committed on or in school property, within one thousand (1,000) feet of school property; or on a school bus; or if the person has a prior conviction under this subsection or subsection (c), or if the person has been convicted of a felony within fifteen (15) years before the date of the offense.

subject to a five day mandatory term of incarceration. I.C. 35–47–10–8.

Technically, carrying a handgun without a license and dangerous possession of a handgun are not the same offense because they are not made up of the same elements. Pursuant to I.C. 35–47–2–3(f)(2) (1995 Supp.) a person must be eighteen or older to qualify for a license to carry a handgun. But, a problem arises because a child who commits dangerous possession of a handgun also implicitly commits carrying a handgun without a license, because clearly the child would not qualify for the issuance of a license. Thus, the child who is charged with dangerous possession of a handgun will be sentenced within the statutorily prescribed sentence for Class A misdemeanors under I.C. 35–50–3–2, but also will be sentenced to a five day jail term. However, an adult who can *only* be charged with carrying a handgun without a license will be sentenced within the confines of I.C. 35–50–3–2, and may receive a completely suspended sentence. Herein lies the dilemma.

■ When considering the constitutionality of a statute, we begin with the presumption of constitutional validity, and therefore the party challenging the statute labors under a heavy burden to show that the statute is unconstitutional. *Jackson v. State*, 634 N.E.2d 532, 535 (Ind.Ct.App.1994). Article I, § 16 of the Indiana Constitution makes clear that the State's ability to exact punishment for criminal behavior is not without limits. *Conner v. State*, 626 N.E.2d 803, 806 (Ind. 1993). Specifically, our Constitution directs that "[a]ll penalties shall be proportioned to the nature of the offense", Ind. Const., Art. 1, § 16, and that "[t]he penal code shall be founded on the principles of reformation, and not of vindictive justice." Ind. Const., Article 1, § 18. Article 1, § 23 of the Indiana Constitution provides that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const., Art. 1, § 23.

■ The precise issue raised by this appeal is an issue of first impression in Indiana. The analytical framework employed in re-solving claims brought pursuant to the federal equal protection clause and the Indiana Constitution's Section 23 is still evolving. Recently, in *Collins v. Day*, 644 N.E.2d 72 (Ind.1994), our supreme court held that the requirements of the Privileges and Immunities Clause, Article 1, § 23, of the Indiana Constitution, are independent of and distinguishable from those imposed by the Fourteenth Amendment to the Constitution of the United States. The protections of Section 23 are certainly implicated here because the statutes at issue appear to create an unequal burden on children, thereby implicitly granting a special privilege or immunity to adults.

■ Article 1, § 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. These requirements were articulated in *Collins* as follows:

> First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

644 N.E.2d at 80. As to the first component of the test, it has been repeatedly said that the basis for the classification "must inhere in the subject matter." *Collins*, 644 N.E.2d at 78 (citing *Railroad Comm'n v. Grand Trunk W.R.R.*, 179 Ind. 255, 262, 100 N.E. 852, 854 (1913); *Hirth–Krause Co. v. Cohen*, 177 Ind. 1, 10, 97 N.E. 1, 5 (1912)). More pointedly, this means that

> where the legislature singles out one … class of persons to receive a privilege or immunity not equally provided to others, such classification must be based upon distinctive, inherent characteristics which rationally distinguish the unequally treated class, and the disparate treatment accorded by the legislation must be reasonably related to such distinguishing characteristics.

*Id.* at 78–79. The second prong required for a statute to pass Section 23 muster is that the disparate treatment must be applied equally and evenly to all those within the classification. As the supreme court articulated in *Collins,* "any privileged classification must be open to any and all persons who share the inherent characteristics which distinguish and justify the classification, with the special treatment accorded to any particular classification extended equally to all such persons." *Id.* at 79.

■ In applying this two-part test, we must accord considerable deference to the manner in which the legislature has balanced the competing interests involved. *Id.* at 80. We begin with the presumption of validity and therefore the challenger labors under a heavy burden "to negative every conceivable basis which might have supported the classification." *Id.* The question of classification under Section 23 is primarily a legislative question. *Id.* at 80. As our supreme court has often stated:

> Legislative classification becomes a judicial question only where the lines drawn appear arbitrary or manifestly unreasonable. So long as the classification is based upon substantial distinctions with reference to the subject matter, we will not substitute our judgment for that of the legislature; nor will we inquire into the legislative motives prompting such classification.

*Id.* at 80 (quoting *Chaffin v. Nicosia,* 261 Ind. 698, 701, 310 N.E.2d 867, 869 (1974)).

■ Application of the *Collins v. Day* standard to the facts of this case leads us to conclude that there has been no unconstitutional infringement of Section 23. I.C. 35–47–10, labeled "Children and Handguns", creates a class of persons and prohibits persons included in that class from possessing handguns except under the limited circumstances listed in I.C. 35–47–10–1. The class to which I.C. 35–47–10–5 and I.C. 35–47–10–8 applies is clearly defined as persons who are less than 18 years of age. I.C. 35–47–10–3. The special classification of children is reasonably related to the subject-matter of the legislation, which is the possession of handguns by children. Furthermore, the classification is reasonably related to the purpose of the legislation, which presumably is to discourage and deter children from possessing handguns. Also, the statutory scheme applies equally to all persons who are under age 18, or who share the inherent characteristic.

Pursuant to I.C. 35–47–10–5, any person under age 18 is prohibited from possessing a handgun unless engaged in an exempted activity under I.C. 35–47–10–1. Pursuant to I.C. 35–47–2–1, any person age 18 or older may carry a handgun so long as they possess a proper license. Thus, there is no disparate treatment among those similarly situated. We do not find that Section 23 is violated by the mandatory executed sentence imposed upon children by I.C. 35–47–10–8.

■ We further find that the statutory scheme in question does not offend Sections 16 or 18 of the Indiana Constitution. The nature and extent of penal sanctions are primarily legislative considerations and judicial review of a legislatively sanctioned penalty is very deferential. *Conner,* 626 N.E.2d at 806; *Clark v. State,* 561 N.E.2d 759, 765 (Ind.1990). The general philosophy behind our juvenile justice system is focused upon the care, treatment and rehabilitation of the wayward child. Given these basic underpinnings of the juvenile justice system, we see no constitutional violation in the legislature determining that children who dangerously possess handguns should serve a mandatory five day jail term. We can only hope that this brief brush with the criminal justice system will deter children from progressing into a life of serious crime. It would be an improper invasion of the province of the legislature for us to decide otherwise.

## CONCLUSION

We conclude that the State presented sufficient evidence to support Person's conviction of dangerous possession of a handgun. We further conclude that I.C. 35–47–10–5 and I.C. 35–47–10–8 do not offend Article I, Section 16 or 18 of the Indiana Constitution, nor do the statutes offend the privileges and immunities clause of Article I, Section 23 of the Indiana Constitution. Accordingly, Per-

son's conviction and sentence is affirmed in all respects.

SHARPNACK, C.J., and DARDEN, J., concur.