**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 29 2014, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALVIN KIM POE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1312-CR-1075 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-1303-FA-172

**September 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Alvin Kim Poe was convicted after a jury trial of Class A felony dealing in methamphetamine[1] and was sentenced to forty years. Poe argues on appeal:

1.     The evidence was insufficient to support his conviction of dealing[2] in methamphetamine; and

2.     His sentence is inappropriate.

We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

[1] Ind. Code § 35-48-4-1.1.

[2] Poe presents his first issue on appeal as "There Was Insufficient Evidence to Convict Poe of Possession of Methamphetamine or Dealing in Methamphetamine," (Appellant's Br. at i), and in his Summary of Argument he says, "There was insufficient evidence at trial upon which to convict Poe of possession of methamphetamine." (*Id*. at 3.) But it does not appear Poe was convicted of possession of methamphetamine.

In his Statement of Facts Poe says he was convicted of dealing in methamphetamine as a Class A felony and of possession of methamphetamine as a Class C felony, but the pages of the record to which he directs us contain jury verdict forms, not a judgment of conviction. There is a judgment of conviction at the end of Poe's brief that indicates he was convicted of both charges, but that appears incorrect.

The State may charge a defendant with greater and lesser included offenses, but if the defendant is found guilty of both, the convictions merge, and sentences cannot be imposed on both counts. *Swafford v. State*, 498 N.E.2d 1188, 1191 (Ind. 1986). The trial court said at the sentencing hearing that Poe's two convictions merged, with the dealing conviction "surviving." (Tr. at 298.) Therefore, the possession conviction does not remain viable. When a lesser included offense is merged into a greater offense, the lesser included offense is vacated for all purposes. *Hall v. State*, 493 N.E.2d 433, 436 (Ind. 1986), *reh'g denied*. Under the facts of this case, possession is a lesser-included offense of dealing. *See*, *e.g*., *Garrett v. State*, 964 N.E.2d 855, 858 (Ind. Ct. App. 2012) ("it is the element of intent to deliver that distinguishes dealing in methamphetamine from the lesser-included offense of possession of methamphetamine"), *reh'g denied, trans. denied*.

The chronological case summary states: "The Court orders that the convictions in Count 1 [dealing] and Count 2 [possession] are merged," (App. at 6), but it does not explicitly specify the count on which Poe was ultimately convicted. As noted above, the judgment of conviction indicates Poe was convicted of two counts, and not just the "surviving" count. The State does not acknowledge the counts were merged. It says in its brief Poe was charged with both dealing and possession "and he was found guilty as charged," (Br. of Appellee at 1), but it does not address what his conviction or convictions were.

Though neither party directs us to anything in the record that explicitly says which offense Poe was convicted of, our independent search of the record reveals it must have been dealing. At Poe's sentencing hearing Poe argued the two counts should be merged. The trial court agreed: "I think the convictions in Counts I and II do need to merge. The, [sic] and we will show the convictions merging with the surviving being the A felony." (Tr. at 298.) Originally, Counts I and II were both charged as Class A felonies, but the State amended the charges so the possession count would be a Class C felony. It therefore appears the "surviving" count is the

2

Lieutenant Tonda Cockrell and Detective Heath Evans had a warrant to arrest Poe. On March 1, 2013, they learned Poe might be at an address in Kokomo. While observing the house, they saw Poe and Jeffrey Guy leave in a green Yukon that Guy was driving. A marked squad car was called in to stop the Yukon, and Poe was arrested.

Officers received permission from Guy to search the Yukon. Officer Brandon Hector saw a black bag where Poe had been sitting. The bag contained digital scales, bags of white powder, pseudoephedrine, a spoon, and a note addressed to "Kim." (Tr. at 66.) Thirteen bags of white powder were sent to the Indiana State Police Laboratory, and the three bags that were tested contained methamphetamine. The contents of the three bags weighed 3.71 grams. The contents of the ten bags that were not tested weighed 3.32 grams, and another grey rock-like substance that tested positive for methamphetamine weighed .97 grams.

Poe was sentenced to forty years, which was ten years more than the advisory sentence at the time he committed his crime: "A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." Ind. Code § 35-50-2-4.

## DISCUSSION AND DECISION

1. <u>Sufficiency of the Evidence</u>

When reviewing sufficiency of evidence, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or assess witness credibility. *Id.* We consider

dealing count. As it seems evident the trial court intended Poe to be convicted only of dealing, we remand so

3

conflicting evidence most favorably to the judgment and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

Poe argues the State did not prove he had actual or constructive possession of the methamphetamine the police found. He did not have actual possession because the methamphetamine was in a bag on the car seat. Constructive possession is established by showing the defendant had the intent and capability to maintain dominion and control over the contraband. *Person v. State*, 661 N.E.2d 587, 590 (Ind. Ct. App. 1996), *trans. denied.* If the defendant had exclusive possession of the premises where the contraband was found, there is an inference that he or she knew of the presence of the contraband and was capable of controlling it. *Id.* If possession is non-exclusive, that inference is not permitted unless additional circumstances indicate knowledge of the presence of the contraband and the ability to control it. *Id.* Such additional circumstances include: 1) incriminating statements by the defendant; 2) attempted flight or furtive gestures; 3) a drug manufacturing setting; 4) proximity of the defendant to the contraband; 5) contraband is in plain view; and 6) location of the contraband is in close proximity to items owned by the defendant. *Id.*

Guy testified that the bag containing the methamphetamine was not his and he had never seen it before. Poe was the only other person in the vehicle when it was stopped. The bag contained a note written to "Kim," and Guy testified that Poe went by the name "Kim." (Tr. at 93.) The bag was found in Poe's seat. The jury could reasonably infer that the bag

the judgment of conviction may be corrected.

belonged to Poe and that he had the intent to maintain control over the bag and the methamphetamine in it. As we may consider only the evidence and reasonable inferences favorable to the verdict, *McHenry v. State*, 820 N.E.2d 124, 125 (Ind. 2005), we affirm Poe's conviction.

    2.    <u>Inappropriate Sentence.</u>

Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. *Id.*

Poe argues that although dealing in methamphetamine is unacceptable, "it is not a crime for which an aggravated fully executed sentence is warranted." (Br. of Appellant at 10.) He also contends the trial court should have taken into consideration that almost all of his prior arrests and convictions were related to his substance abuse problems.

We cannot find Poe's sentence inappropriate. Criminal history is one indicator of a defendant's character.[3] *Childress v. State,* 848 N.E.2d 1073, 1081 (Ind. 2006). Poe has

---

[3] As Poe's sentence is appropriate based on his character, we need not address the nature of his offense. *See*, *e.g.*, *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (revision of a sentence under Indiana

multiple prior convictions, including a felony conviction in Arkansas in 1996 for "Manufacturing, Delivering, Possession Controlled Substance," Class B felony dealing a controlled substance in Indiana in 2002, Class B felony dealing a controlled substance and Class D felony resisting law enforcement in Indiana in 2003, aggravated possession of drugs in Ohio in 2006, Class D felony theft in Indiana in 2007, Class D felony possession of cocaine/methamphetamine or Schedule I or II narcotic drug in Indiana in 2007, and Class C felony possession of a controlled substance and Class C felony possession of drug paraphernalia with intent to use in Arkansas in 2012. In light of that extensive criminal history, we cannot say Poe's sentence ten years above the advisory is inappropriate.

Affirmed and remanded.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character).