## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2015, 5:44 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Kristina J. Jacobucci<br>LaPorte, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Ian McLean<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Demetrius Howell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 30, 2015<br><br>Court of Appeals Case No.<br>46A05-1409-CR-446<br><br>Appeal from the Laporte Superior Court<br>The Honorable Kathleen B. Lang, Judge<br>Cause No. 46D01-1405-FC-144 |

**Bailey, Judge.**

# Case Summary

Demetrius Howell ("Howell") appeals his conviction and sentence for Convicted Felon in Possession of a Handgun, as a Class C felony.[1] We affirm his conviction and sentence, but remand with instructions to the trial court to vacate Howell's conviction for Carrying a Handgun without a License, as entered in the court's judgment order, and to correct a clerical error in the abstract of judgment.

# Issues

Howell presents five issues for review, which we restate as the following:

I.   Whether Howell's substantial rights were violated when the trial court permitted the State to amend the charging information shortly before trial, but the amendment did not require him to revise his defense strategy;

II.  Whether Howell's substantial rights were violated when the State refiled a charge previously dismissed at the State's request because the State at that time could not prove the matter beyond a reasonable doubt;

III. Whether there was sufficient evidence to support Howell's conviction;

IV.  Whether the abstract of judgment, which erroneously states that Howell was convicted of Criminal Recklessness, should be corrected by the trial court; and

V.   Whether Howell's sentence was inappropriate.

---

[1] Ind. Code §§ 35-47-2-1 & 35-47-2-23(c)(2)(B) (2012). Due to substantial revisions to the Indiana Code effective July 1, 2014, this offense is now a Level 5 felony. Throughout this opinion, we refer to the versions of the statutes in effect at the time of Howell's offense.

[3] We also address *sua sponte* the trial court's judgment order, in which the court entered judgments of conviction on two charges arising from the same incident of criminal conduct and proven by the same evidence.

## Facts and Procedural History

[4] In February 2014, Howell, his then-girlfriend Jessica Jones ("Jones"), his sister Keshyana Cooper, and Kentrell Spencer/Hatton ("Kentrell") went to Kemp's Gun Store in Michigan City, Indiana. Jones purchased a box of bullets, and the group left together. Both Howell and Kentrell had guns at the time.

[5] On March 11, 2014, two men with guns shot multiple times into a home located on Providence Street in Michigan City. The homeowner recognized one of the shooters as Kentrell, but did not see the other shooter. Police were called, and officers from the Michigan City Police Department ("MCPD") responded and collected several bullets and casings from the home and yard.

[6] Ten days later, on March 21, 2014, a group of people including Howell were gathered on the 200 block of McClelland Avenue following a funeral repast. At some point, Howell approached Paris Lenoir ("Lenoir") and her brother-in-law, Shannon, while they were sitting in Lenoir's truck. As Howell walked up, Lenoir saw that Howell had a gun in his waistband. An argument ensued in which threatening remarks were made. Lenoir left and dropped off Shannon. When Lenoir returned, Howell was driving Jones's car with Jones riding as a passenger. Howell drove the car toward Lenoir's truck in an apparent attempt

to drive Lenoir off the road. Ashley Walker ("Walker"), Lenoir's sister who observed the altercation, called 911 on Lenoir's behalf. Although Walker did not see Howell with a gun, she relayed to the police Lenoir's report that Howell had a gun.

[7]     MCPD Officer David Legros ("Officer Legros") heard a dispatch that "Demetrius Howell was outside a black car with a handgun" on the 200 block of McClelland. (Tr. 236.) Officer Legros responded to the call, quickly followed by MCPD Chief of Police Mark Swistek ("Chief Swistek"). When Officer Legros arrived on scene, Jones's car was parked on the street. As Officer Legros approached, he observed Howell get into and then quickly exit the driver's side of Jones's car. Howell then stepped away from the car into the street. No other people were in the car, although several others were still gathered in the area. Officer Legros ordered Howell to stop, patted Howell down, and then handcuffed him. Jones then gave the officers consent to search the car. Chief Swistek found a loaded .38 caliber semi-automatic handgun under the driver's seat. Howell regularly used Jones's car and had been driving it earlier that day.

[8]     On March 21, 2014, Howell was charged under cause number 46D01-1403-FC-122 ("FC-122") with Convicted Felon in Possession of a Handgun, based on the March 21 incident. However, the State dismissed the charge "on or about April 24, 2014 because the State was unable to prove the matter beyond a reasonable doubt." (App. 41.)

[9] Further investigation revealed that the gun recovered on March 21 matched the bullets and casings found at the scene of the March 11 shooting on Providence Street. As a result, on May 2, 2014, Howell was originally charged in this case, trial court cause number 46D01-1405-FC-144 ("FC-144"), with Criminal Recklessness, as a Class C felony,[2] based on the March 11 shooting. At his initial hearing on that charge on May 8, 2014, Howell requested a speedy trial, which the trial court set for June 30, 2014. On May 22, 2014, the State filed its first amended information, adding a charge of Convicted Felon in Possession of a Handgun, as a Class C felony[3] ("Count I"), also based on the March 11 shooting, to the existing Criminal Recklessness charge ("Count II").

[10] On June 17, 2014, the State requested leave to again amend the information to add a second charge of Convicted Felon in Possession of a Handgun, as a Class C felony[4] ("Count III"), based on the gun discovered during the March 21 incident. The motion stated that the State had previously charged and dismissed the proposed Count III under FC-122, but that it should be added to the charges in FC-144 because "the weapon recovered on March 21, 2014 matches the casings located at the scene on March 11, 2014[.]" (App. 41.)

[11] On June 25, 2014, Howell filed an objection to the State's motion to amend, arguing that the amendment would violate his rights to a speedy trial as set

_____

[2] I.C. §§ 35-42-2-2(b)(1) & (c)(3)(A).

[3] I.C. §§ 35-47-2-1 & 35-47-2-23(c)(2)(B).

[4] I.C. §§ 35-47-2-1 & 35-47-2-23(c)(2)(B).

forth in the Sixth Amendment to the U.S. Constitution, Article 1, Section 12 of the Indiana Constitution, and Indiana Criminal Rule 4(B). Howell alleged a "disturbing pattern of evasiveness with respect to" his constitutional rights (App. 71), and urged that "the State's attempt to resurrect [FC-122] as Count III of [FC-144] cannot be allowed, consistent with the constitutional protections set forth above." (App. 72.) On June 26, 2014, the trial court granted the State's motion to amend the information and add Count III.

[12]   Howell moved for and was granted a bifurcated trial so that the jury would not hear evidence of his prior felony conviction unless he was convicted of Counts I or III. His jury trial commenced on June 30, 2014. In phase one, Counts I and III were presented to the jury as charges of Carrying a Handgun without a License, and focused on Howell's possession of a handgun on March 11 and March 21, respectively. At the conclusion of phase one, Howell was found guilty of Count III, Carrying a Handgun without a License, and not guilty of Counts I and II. The trial then proceeded to phase two, during which the State presented evidence of Howell's prior felony conviction. The jury returned a second verdict of guilty, this time on Convicted Felon in Possession of a Handgun. On July 1, 2014, the court orally entered a judgment of conviction on "Convicted Felon in Possession of a Handgun, as a Class C felony." (Tr. 522.) In its written judgment order, also on July 1, 2014, the court entered a judgment of conviction on both "Count III, Carrying a Handgun without a License, as a Class C felony" and "Convicted Felon in Possession of a Handgun, as a Class C felony." (App. 143.)

[13] A sentencing hearing was held on August 7, 2014. On August 28, 2014, the trial court sentenced Howell on one count of Convicted Felon in Possession of a Handgun, as a Class C felony, to eight years in the Indiana Department of Correction ("DOC"). He now appeals his conviction and sentence.

# Discussion and Decision

## Amended Charging Information

[14] Howell first argues that the State violated his substantial rights to notice and opportunity to prepare a defense when it amended the charging information to add Count III.

[15] Amendments to a charging information are governed by Indiana Code section 35-34-1-5. A charging information may be amended at various stages of a prosecution, depending on whether the amendment is to the form or substance of the original information. *Erkins v. State*, 13 N.E.3d 400, 405 (Ind. 2014) (citing *Fajardo v. State*, 859 N.E.2d 1201, 1203 (Ind. 2007), *superseded by statute*). Whether an amendment to a charging information is a matter of form or substance is a question of law, which we review *de novo*. *Id.* "An amendment is one of form and not substance if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form." *McIntyre v. State*, 717 N.E.2d 114, 125 (Ind. 1999) (citation omitted). An amendment is of substance only if it is essential to making a valid charge of the crime. *Id.* at 125-26.

[16] Here, the State sought to amend the charging information to add a second charge of Convicted Felon in Possession of a Handgun, alleging that Howell possessed a gun on a different day than the allegations made in the original charging information. This was an amendment of substance. *See Fajardo*, 859 N.E.2d at 1207-08 (holding that an amendment charging a new separate offense based on a second incident of criminal conduct on a different date constituted an amendment to matters of substance).

[17] An information may be amended in matters of substance by the prosecuting attorney, upon giving written notice to the defendant at any time before the commencement of trial, if the amendment does not prejudice the substantial rights of the defendant. I.C. § 35-34-1-5(b)(2) (Supp. 2013). A defendant's substantial rights include a right to sufficient notice and an opportunity to be heard regarding the charge. *Erkins*, 13 N.E.3d at 405 (citing *Gomez v. State*, 907 N.E.2d 607, 611 (Ind. Ct. App. 2009), *trans. denied*). If the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights. *Id.* "'Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges.'" *Id.* (quoting *Sides v. State*, 693 N.E2d 1310, 1313 (Ind. 1998), *abrogated on other grounds*).

[18] Howell argues that "[b]y approving the proposed amendments to the charging information merely four (4) days prior to the commencement of trial, the trial court effectively denied [him] reasonable notice and opportunity to prepare his defense to Count III." (Appellant's Br. 13.) We find Howell's argument

unavailing. Here, although the trial court did not grant the State's motion to amend until four days before trial, the State provided written notice of the amendment on June 17 when it filed the motion to amend and the amended information. Howell thus received notice of the charge nearly two weeks before his speedy trial was set to begin on June 30. Furthermore, Howell was already aware of the underlying facts of the charge because, as the State's motion stated, Howell was originally charged with the offense on March 21, but it was dismissed at the State's request on April 24.

[19] Furthermore, Howell's possession of the gun recovered on March 21 was already at issue in FC-144 prior to the amendment adding Count III. In Count II, the State alleged that Howell committed criminal recklessness "by shooting a firearm into an inhabited dwelling at 1118 Providence Street." (App. 24.) The State's motion to amend provided Howell notice that the new charge was "linked" to Counts I and II because "the weapon recovered on March 21, 2014 matches the casings located at the scene on March 11, 2014[.]" (App. 41.) Howell was already preparing to defend against a charge that he used the gun recovered from the car on March 21 in a shooting ten days earlier; thus, the additional charge that he possessed the gun recovered on March 21 did not require him to revise his defense strategy at the last minute.

[20] The nature and facts of the other charges provided Howell with reasonable opportunity to prepare for and defend against the charge in Count III, even though it occurred on a different day. Further, Howell had prior notice of the charge because he had previously been charged with the offense under a

different cause number.  Howell's substantial rights to reasonable notice and opportunity to prepare a defense were not violated by the addition of Count III to the charging information.[5]

## Speedy Trial

Howell next argues that by permitting the State to refile the charge in FC-122 as Count III in this case, "the trial court permitted the State to effectively evade Mr. Howell's request for a speedy trial in the prior case." (Appellant's Br. 14.)

Under Indiana Code section 35-34-1-13(a), the prosecuting attorney may move for the dismissal of the information at any time before sentencing.  As long as the motion states the reason for dismissal, the trial court shall grant the State's motion.  I.C. § 35-34-1-13(a); *Davenport v. State*, 689 N.E.2d 1226, 1229 (Ind. 1997), *modified & aff'd on reh'g*, 696 N.E.2d 870 (1998) ("*Davenport II*").  The dismissal of an information is not necessarily a bar to refiling; however, "[t]he State may not refile if doing so will prejudice the substantial rights of the defendant." *Davenport*, 689 N.E.2d at 1229.  "Speedy trial and jeopardy rights are two specific examples of substantial rights which cannot be prejudiced." *Id.* On the other hand, "the State does not necessarily prejudice a defendant's substantial rights if it dismissed the charge because it is not ready to prosecute and then refiles an information for the same offense." *Id.* (citing *Johnson v.*

---

[5] The State argues that by failing to ask for a continuance, Howell waived his objection that he did not have reasonable notice or an opportunity to prepare.  Because we find that Howell's substantial rights were not violated by the amendment, we do not address the State's waiver argument.

*State*, 252 Ind. 79, 246 N.E.2d 181, 183-84 (1969); *Dennis v. State*, 412 N.E.2d 303, 304-05 (Ind. Ct. Ap. 1980)). "The question of substantial prejudice is a fact-sensitive inquiry, not readily amenable to bright-line rules." *Johnson v. State*, 740 N.E.2d 118, 120 n.3 (Ind. 2001).

[23] Howell argues that "[c]learly, dismissing the prior cause and adding Count III to the underlying cause was an attempt by the State to evade Mr. Howell's constitutional right to a speedy trial." (Appellant's Br. 14.) The record does not support Howell's argument. The State's motion to amend the charging information[6] states that FC-122 "was dismissed on or about April 24, 2014 because the State was unable to prove the matter beyond a reasonable doubt." (App. 41.) Later, the State sought to add the charge in FC-144 after it had "done further investigation and discovery." (App. 40.) The State's dismissal here occurred because the State was not ready to prosecute. Such a dismissal does not necessarily prejudice a defendant's substantial rights. *See Davenport*, 689 N.E.2d at 1229.

[24] This is not a case where the prosecution abused its inherent power in order to avoid an adverse ruling of the trial court or to force Howell to discard his prior preparation and begin a new trial with new charges, strategies, and defenses. *See, e.g., Davenport II*, 696 N.E.2d 870, 871 (Ind. 1998) (finding that the State abused its power where, after the trial court denied the State's motion to add

---

[6] The State's motion to dismiss in FC-122 is not included in the appendix.

three charges four days before the defendant's murder trial, the State dismissed the information and immediately refiled the murder charge and the three additional charges); *Johnson*, 740 N.E.2d at 121 (finding that the State abused its power when, faced with an adverse evidentiary ruling, the State dismissed the charges and refiled them along with ten additional charges). Rather than an abuse of the State's power, the State refiled Count III after additional evidence and discovery led the State to believe that it could prove the charge beyond a reasonable doubt. And as discussed above, the refiling of the charge did not require Howell to revise his defense strategy at the last minute. Absent other circumstances that indicate unfair play by the prosecution, we cannot say the State violated Howell's substantial rights by refiling the charge.

[25] Further, Howell has failed to show how his speedy trial rights in the prior case were violated. Howell was held in FC-122 on the charge of Convicted Felon in Possession of a Handgun from March 21 to April 24, a total of thirty-five days. After the trial court permitted the State to amend the information on June 26, Howell was then brought to trial within five days. Howell failed to identify how his speedy trial rights were violated when he was held, at most, forty days on the charges in Count III before being tried. *See* Ind. Crim. Rule 4(B)(1) ("If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except" in certain enumerated situations.)

[26] Howell's substantial rights were not prejudiced when the State refiled Count III.

# Sufficiency of the Evidence

[27] Howell next argues there was insufficient evidence to support his conviction for Convicted Felon in Possession of a Handgun, a Class C felony.

[28] Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[29] Pursuant to Indiana Code section 35-47-2-1(a), a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed to carry a handgun. A person who violates section 35-47-2-1(a) commits a Class C felony if the person has been convicted of a felony within fifteen years before the date of the offense. I.C. § 35-47-2-23(c)(2)(B). The State charged that on or about March 21, 2014, at or about the 200 block of McClelland Avenue, Howell "did knowingly or intentionally posses[s] a handgun upon his person without a license, after having been convicted of a felony within fifteen (15) years, to-wit: Criminal Recklessness as a Class D Felony in LaPorte

Superior Court No. 4 under Cause No. 46D04-1205-FD-885 on the 16th day of November, 2012." (App. 49; Tr. 486.)

[30] On appeal, Howell does not dispute his lack of a license or his prior felony conviction, but argues that there was insufficient evidence that he possessed a handgun on March 21, 2014. Indiana courts have approached the question of whether a defendant "carried" a handgun similarly to the question of possession of drugs. *See Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). Possession of a handgun may be either actual or constructive. *Id.* Actual possession occurs when a defendant has direct physical control over the item. *Id.* Constructive possession occurs when the defendant has the intent and capability to maintain dominion and control over the item. *Id.* (citation and quotation marks omitted).

[31] Howell cites *Henderson* in support of his argument that the State presented insufficient evidence of possession. In that case, defendant Henderson was a passenger in his friend's car when police pulled it over. *Id.* at 834. The friend informed the officer that there were guns in the car, and the friend owned and had permits for both. *Id.* at 835. One gun was underneath the passenger seat where Henderson was sitting, and Henderson was charged with carrying a handgun without a license. *Id.* Henderson was found guilty at a bench trial, *id.*, but on transfer, our supreme court held there was insufficient evidence of possession to sustain the conviction where the gun was merely in Henderson's plain view and close proximity, but someone else in the car had legal, actual, and simultaneous possession. *Id.* at 838. The court further noted that there was

no "evidence of any movement or action to suggest Henderson exercised dominion" over the gun. *Id.*

[32] We find *Henderson* distinguishable from the case at hand. Jones testified that Howell regularly used her car, and she and other witnesses testified that Howell was driving the car on March 21 during the altercation on McClelland Avenue. Lenoir also testified at trial that she saw Howell with a gun during the altercation on McClelland, just before the police were called. Officer Legros testified that as he approached the area, he observed Howell walk up to the driver's side of the car, get in, then quickly get out and step into the street. The handgun was found tucked under the driver's seat.

[33] The evidence that Howell (1) actually possessed a handgun on March 21, (2) often drove Jones's car, (3) drove the car during the altercation, (4) was in close proximity to the gun when police arrived, and (5) was observed getting into and quickly exiting the driver's seat as the police approached, was sufficient evidence of possession to sustain Howell's conviction. *See Person v. State*, 661 N.E.2d 587, 590 (Ind. Ct. App. 1996) (affirming a conviction for dangerous possession of a handgun where the defendant, who was in the left rear passenger seat of a car, was in close proximity to the weapon found in the left rear seat and had made a furtive gesture that suggested he was trying to hide the gun), *trans. denied*.

[34] The State presented sufficient evidence of possession to sustain Howell's conviction for Convicted Felon in Possession of a Handgun.

# Judgment Order

[35] Next, we turn *sua sponte* to the trial court's judgment order. The court's written judgment order is the official trial court record and controlling document regarding the defendant's conviction and sentence. *See Robinson v. State*, 805 N.E.2d 783, 794 (Ind. 2004). In this case, the court's judgment order implicates double jeopardy principles. Double jeopardy violations implicate fundamental rights that we may review *sua sponte*. *Hayden v. State*, 19 N.E.3d 831, 842 (Ind. Ct. App. 2015), *reh'g denied, trans. denied*.

[36] During phase one of Howell's bifurcated trial, the State presented evidence of Howell's possession of the handgun on March 21, but did not present evidence of Howell's prior felony conviction. The charge on Count III, as presented to the jury during phase one, was for Carrying a Handgun without a License on March 21. At the conclusion of phase one, he was found guilty of Count III. The trial then proceeded to phase two, during which the State presented evidence of Howell's prior felony conviction. The jury returned a second verdict of guilty, this time on Convicted Felon in Possession of a Handgun. At trial, the court orally entered a judgment of conviction "on Count III, Convicted Felon in Possession of a Handgun." (Tr. 522.) Howell was then sentenced on this conviction alone.

[37] However, the trial court's written judgment order shows that the court entered judgments of conviction on both offenses of which the jury found Howell

guilty.[7]  These two offenses were based on the same incident of criminal conduct on March 21 and proven by the same evidence.  "[T]wo or more offenses are the 'same offense' in violation of Article 1, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense."  *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).  Entry of judgment on both offenses in the written judgment order thus violates double jeopardy principles.  Because the convictions as recorded on the judgment order place Howell in double jeopardy, we reverse and remand this matter to the trial court with instructions to correct the order and vacate the judgment as to Carrying a Handgun without a License.

## Abstract of Judgment

[38]  Howell next contends, and the State agrees, that the abstract of judgment, which erroneously states that Howell was convicted of "35-42-2-2(b)/FC: Criminal Recklessness (shot firearm into bldg or gathering place)" (App. 146),

---

[7] The court's written judgment order provides:

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, Demetrius R. Howell, is guilty of Count III, Carrying a Handgun without a License, a Class C felony and enters judgment of conviction thereon.

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, Demetrius R. Howell, is guilty of Convicted Felon in Possession of a Handgun, a Class C felony and enters judgment of conviction thereon.

(App. 143.)

should be amended to reflect his actual conviction for Convicted Felon in Possession of a Handgun. Although the judgment of conviction, not the abstract of judgment, is controlling as to the defendant's conviction and sentence, *see Robinson*, 805 N.E.2d at 794, Howell has an interest in accurate reporting of his offense to the DOC. We accordingly remand with instructions to the court to correct the clerical error in the abstract of judgment to reflect his actual conviction for Count III, Convicted Felon in Possession of a Handgun.

## Sentence

[39] Lastly, we turn to Howell's contention that his eight-year sentence is inappropriate.

[40] Article 7, Section 6 of the Indiana Constitution grants this Court authority to independently review and revise a sentence imposed by the trial court. To implement this grant of authority, Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The analysis is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The principal role of our review is to leaven the outliers, and our review is very deferential to the trial court. *Id.* The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Id.*

[41] Howell was convicted of Convicted Felon in Possession of a Handgun and sentenced to eight years in the Indiana Department of Correction, fully executed. A Class C felony carries a fixed term of two to eight years, with the advisory sentence being four years. I.C. § 35-50-2-6(a). Howell argues that neither the nature of his offense nor his character warrants the maximum sentence for a Class C felony.

[42] As to the nature of the offense, Howell was discovered with a loaded handgun after a verbal altercation involving Lenoir and others. There is nothing extraordinary about the nature of Howell's offense.

[43] Regarding the character of the offender, Howell argues he was only twenty years old at the time of his offense and thus the maximum sentence was inappropriate. Despite his youth, Howell has amassed a lengthy criminal history, including crimes of violence. As a juvenile, he first was charged with Possession of a Knife on School Property. Later, he was adjudicated delinquent of two ABC Violations,[8] False Reporting, Dangerous Possession of a Firearm, Curfew Violation, Operating a Vehicle without Ever Receiving a License, Escape (a Class D felony if committed by an adult), and False Reporting. As an adult, Howell was charged with numerous misdemeanors and felonies, including: Criminal Gang Activity, Receiving Stolen Property,

---

[8] Presumably, "ABC violation," which is designated a Class C misdemeanor on Howell's presentence investigation report, refers to Illegal Possession of Alcohol by a Minor. *See* I.C. 7.1-5-7-7(a) ("It is a Class C misdemeanor for a minor to knowingly: (1) possess an alcoholic beverage; (2) consume it; or (3) transport it on a public highway when not accompanied by at least one (1) of his parents or guardians.").

Carrying a Handgun without a License, Resisting Law Enforcement, Identity Deception, and Criminal Recklessness. Howell pleaded guilty to Criminal Gang Activity and Criminal Recklessness, each as a Class D felony. At the time of sentencing in this case, charges were pending against Howell for: Attempted Theft, Receiving Stolen Property, Battery Resulting in Bodily Injury, Carrying a Handgun without a License, Illegal Possession of an Alcoholic Beverage, Escape, and Theft. Four petitions to revoke probation were also pending.

[44] Howell's request at his sentencing hearing that the Court "show some leniency" because "I got stuff that I feel like I should, that I should really attend to instead of being in prison" speaks little of his character. (Tr. 532.) He further avowed that he had "never been sentenced, no probation, never even been convicted in this court, ma'am," in an apparent attempt to downplay his prior criminal history to the trial court. (Tr. 531.) And although he also testified that he has "a family out there and people that really need me home" (Tr. 532), an argument he renews on appeal, the presentence investigation report reveals that he has no dependents and reported minimal employment history from which he could have been supporting his other family members.

[45] As the trial court succinctly summarized in its sentencing order, Howell "has violated the rules and terms of probation, GPS, and Work Release. He has also already been sentenced to short-term incarceration. He has been given the advantage of every available alternative to long-term incarceration. Additionally, he has a history of crimes of violence." (App. 149.) In light of

Howell's substantial and continuing criminal history, pattern of noncompliance with probationary terms, and lack of success with alternatives to long-term incarceration, Howell's sentence to eight years in the DOC is not inappropriate.

## Conclusion

[46] Howell's substantial rights were not violated when the charging information was amended to add Count III. There was sufficient evidence to sustain Howell's conviction for Convicted Felon in Possession of a Handgun. Howell's sentence was not inappropriate. However, because the trial court's judgment order indicates that Howell was convicted of two offenses based on the same evidence, we remand with instructions to correct the order and vacate his conviction for Carrying a Handgun without a License. We also remand with instructions to correct a clerical error in the abstract of judgment to accurately reflect his conviction for Convicted Felon in Possession of a Handgun.

[47] Affirmed in part, reversed in part, and remanded.

Riley, J., and Barnes, J., concur.